UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAMAYANTI BANERJEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-526-HSM-HBG |
| | ) | |
| THE UNIVERSITY OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Certain Electronically Stored Information Searches and Document Production and Memorandum in Support ("Motion to Compel") [Doc. 76]. The parties appeared before the Court on February 19, 2019, for a motion hearing. Attorney Laura Bailey appeared on behalf of Plaintiff. Attorney Rachel Powell appeared on behalf of Defendant. Accordingly, for the reasons explained below, the Court hereby **DENIES** Plaintiff's Motion to Compel [**Doc. 76**].

### I.      BACKGROUND

The current dispute relates to Plaintiff's First Requests for Production of Documents ("First Requests") and Plaintiff's Second Requests for Production of Documents ("Second Requests"). With respect to Plaintiff's First Requests, the parties began communicating in January 2018, regarding the personal storage table ("PST") files that would be searched and the search terms that would be used. According to Defendant, the parties agreed that Defendant would search eleven

1

administrator custodians using Plaintiff's first and last name. Defendant states that it produced such documents on February 16, 2018.

On February 27, 2018, Plaintiff proposed faculty custodians' PST files to search along with a list of proposed search terms. [Doc. 77-1]. In Plaintiff's letter, she states that she "reserves the right to amend, supplement or change the search terms" and that her proposal is to resolve a potential discovery dispute. [*Id.*]. Defendant states that in May 2018, it sent Plaintiff a "final letter," specifying the terms it agreed to and a list of terms that it did not agree. [Doc. 77 at 5-6].[1] Defendant also informed Plaintiff that it would begin a rolling production of relevant documents from the search terms that it agreed to search. On May 29, 2018, Defendant produced such documents for five of the faculty custodians and began the process for the remaining custodians.

On June 25, 2018, Plaintiff responded [Doc. 77-3] to Defendant's May 9 letter, requesting that additional terms be searched for administrator and faculty custodians. In an email dated July 19, 2018, Defendant responded that it would search for several of the terms in the faculty custodians' PST files as Plaintiff suggested, but it declined to search the other terms and custodians' PST files, stating that such searches had already been covered. [Doc. 94-1]. This was the last written communication regarding the First Requests.

With respect to the Second Requests, Defendant sent Plaintiff a letter [Doc. 94-2] dated September 10, 2018, proposing search terms and explaining that other searches have already been conducted. Plaintiff never responded to Defendant's September 10 letter. On September 17, 2018, Defendant produced documents in response to Plaintiff's Second Requests.

As an initial matter, the Court agrees that Plaintiff has not complied with the meet and confer process outlined in Federal Rule of Civil Procedure 37(a) with respect to the Second

---

[1] Defendant did not submit its May 9 letter to the Court.

Requests. Plaintiff does not dispute that in response to the Second Requests, Defendant sent the September 10 letter. Plaintiff did not respond to that letter, but instead, filed the instant Motion three months later. At the hearing, Plaintiff argued that she served the Second Requests to narrow the discovery that was requested in the First Requests in hopes of resolving the discovery disputes that arose with the First Requests. Plaintiff, however, did not communicate her position until the hearing. The Court reminds the parties that the good-faith certification pursuant to Rule 37(a)(1) is not an "empty formality" and that the parties are required to engage in meaningful attempts to resolve discovery disputes prior to filing such motions. *Brady v. LTD Parts, Inc.*, No. 2:08-0058, 2009 WL 2224172, at *1 (M.D. Tenn. July 22, 2009) (quoting *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001)). Thus, the Court finds that Plaintiff's Motion to Compel with respect to the Second Requests (Request Nos. 51-56, 60-66, and 70-75) could be denied on that basis alone.

In any event, however, the Court has reviewed the merits of the parties' dispute, and as mentioned above, the parties attended a motion hearing to argue their positions. At the conclusion of the hearing, the Court granted the parties leave to file additional documents for the Court's consideration. Defendant filed a Notice [Doc. 94], containing additional communication between the parties.

The Court will now turn to the issues raised at the hearing.

## II. ANALYSIS

The Court has considered the parties' filings, along with the oral arguments presented at the hearing. Accordingly, the Court finds Plaintiff's Motion [**Doc. 76**] not well taken, and it is **DENIED**.

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery requests is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Given the above guidance, the Court will now turn to the instant Motion. During the hearing, Plaintiff requested that Defendant provide the following: (1) Plaintiff's entire PST file; (2) curricula vitae ("CVs") annual evaluations, and other evaluations for Plaintiff's alleged comparators, Dr. Gellert and Dr. Jones; (3) statement from Defendant that no other documents exist, formal or otherwise, relating to Plaintiff's appeal; (4) documents relating to allegations of self-plagiarism (using Plaintiff's proposed search terms); and (5) documents relating to retractions (using Plaintiff's proposed search terms).

The Court will address Plaintiff's discovery requests separately.

### A. Request Nos. 22 and 29 (Plaintiff's PST File)

Plaintiff requests her entire PST file during her employment with Defendant. Plaintiff argues that her emails that were sent and received during her employment do not contain any information protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"). At the hearing, Plaintiff acknowledged that the request could be construed as overly broad, but she stated that Defendant objected based on burdensome grounds. In order to resolve Defendant's concern that the search will be burdensome, Plaintiff proposed that Defendant produce the entire PST file, which she will then review. In her Motion, Plaintiff proposes that Defendant search permutations of Plaintiff's first and last name as a compromise to providing the full PST file.

At the hearing, Defendant stated that it had conducted a search of Plaintiff's first and last name and that Plaintiff's request for her entire PST file is overly broad and unduly burdensome, especially given that the trial is a few months away. In addition, Defendant stated that Plaintiff worked from 2008 to 2015 and that any emails relating to students are protected by FERPA. Defendant stated that it could not produce the PST file without reviewing each email because it maintains the responsibility of ensuring FERPA is protected.

The Court has considered Plaintiff's request and finds it to be overly broad and unduly burdensome. Defendant has already performed a search of several individuals' emails using agreed upon search terms, including Plaintiff's first and last name. While Plaintiff argues that the discovery is not too burdensome because she will review all the emails, the Court disagrees. As Defendant noted at the hearing, it has an obligation to ensure FERPA information is protected. Further, the Court finds Plaintiff's proposal that Defendant produce the entire PST, which she will then review, is simply requesting discovery regardless of relevancy. This is not the standard under Rule 26(b).

Plaintiff's alternative proposal (i.e., that Defendant search for permutations of Plaintiff's first and last name) is also overly burdensome. Plaintiff explained at the hearing that such a search would ensure that emails are not missing. It is not clear whether custodians routinely misspelled Plaintiff's first and last name, and without more, the Court will not require Defendant to rerun its searches this late in the litigation. Accordingly, the Court denies Plaintiff's request for her entire PST file or the related request to run additional searches for permutations of Plaintiff's first and last name.

B. **Request No. 30 (Dr. Gellert's Personnel File)**

Plaintiff states that she is missing documents from Dr. Gellert's personnel file, and she requests that Defendant search Dr. Gellert's name and email ID pertaining to his promotion, annual retention, and evaluations. Defendant argues that it produced Dr. Gellert's entire personnel file and that Plaintiff's discovery request does not require email searches. At the hearing, Defendant stated that it produced Dr. Gellert's file that is kept by the Department of Sociology and the file maintained by the Human Resources Department.

Plaintiff's Request No. 30 states as follows:

> Produce the entire personnel file for Dr. Paul Gellert, including all documents relating to or reviewed in connection with his application for tenure, documents submitted for publication, and any complaints, discipline, counseling, or adverse actions taken against him, whether those documents are part of formal or informal personnel file.

The Court finds that Defendant has produced the information requested in Plaintiff's discovery request. Plaintiff now requests that Defendant search the accounts of "all custodians, administrative and faculty" using a number of search terms. *See* [Doc. 76 at 5]. Plaintiff's instant request is not included in Request No. 30. Accordingly, Plaintiff's request is not well taken.

## C. Request Nos. 17 and 41 (Self-Plagiarism Documents)

In Request No. 17, Plaintiff requests "each and every document that shows discipline, counseling, adverse employment action, and/or discharge of any other employees of Defendant for reasons similar" to Defendant's stated reason for not renewing Plaintiff's contract. In Request No. 41, Plaintiff requests all documents and communications relating to allegations of plagiarism and self-plagiarism regarding Plaintiff or Dr. Bohon from 2008 to present.

With respect to Request No. 17, Plaintiff argues that Dr. Bohon and Dr. Gellert had similar allegations against them and that she is entitled to such documents. Defendant states that it produced responsive documents, but search terms for faculty issues that did not result in "discipline, counseling, adverse employment action, and/or discharge are not necessary." Plaintiff replies that she is entitled to documents relating to Dr. Bohon's retracted article.

Request No. 17 simply requests documents involving specific actions that were taken (i.e., discipline, counseling, adverse employment action and/or discharge). The Court agrees with Defendant that search terms for faculty issues that did not result in the above specific actions are not necessary to respond to Request No. 17.

With respect to Request No. 41, Plaintiff argues that Defendant has not produced sufficient searches for all email custodians. Defendant argues that it ran Plaintiff's search terms, which were listed in Plaintiff's February letter, in the PST files for Dr. Shefner (the Department Head) and Dr. Bohon. In addition, Defendant submits that it reviewed every email for every custodian that contained Plaintiff's first and last name with a view towards "self-plagiarism." Defendant maintains that it has produced all documents responsive to Request No. 41.

The Court finds Defendant's production relating to Plaintiff's self-plagiarism sufficient. Defendant represents that it reviewed every email for all custodians with a view towards Plaintiff's

7

self-plagiarism. Further, with respect to Dr. Bohon's retraction, the Court observes that in Plaintiff's June 25 letter, she requests, in section D of her letter, documents relating to the "[r]etraction of an article from 'Society & Natural Resources,' on which Dr. Stephanie A. Bohon was a coauthor." [Doc. 77-3]. Plaintiff then submits a list of search terms for all faculty custodians. [*Id.*]. Subsequently, on July 19, 2018, Defendant sent Plaintiff an email, following upon a telephone call that took place between the parties' counsels. [Doc. 94-1]. Defendant responds, "Second, as we discussed last week, I have crafted potential search terms to discover sections D and E from your June 25 letter. They are as follows: (1) for section D, all faculty custodians up to June 30, 2016[,] for (stephanie OR bohon) AND (retract* OR (SNR or "society & natural resources"))." [*Id.*].[2] Plaintiff did not respond to Defendant's proposal. The Court finds Defendant's proposal sufficient to recover documents relating to Dr. Bohon's retraction, and the Court declines to order another search for all custodians.

D. **Request No. 27 (Documents relating to Plaintiff's FMLA claims)**

The Court finds this issue to be moot given that the District Court dismissed Plaintiff's FLMA claims.

E. **Request Nos. 51-56 (Documents from Senate Appeals Committee)**

In Request Nos. 51-56, Plaintiff requests documents relating to her appeal. At the hearing, she stated that she believes that formal documents were created during this process and that she struggles to accept Defendant's representation that it has produced all documents. Plaintiff stated that she would like a statement from Defendant that no other documents exist. Defendant

---

[2] As mentioned below, the Court observes that in September 10, 2018, Defendant proposed to search the PST files for administrator custodian accounts for the following individuals: Cheek, Chancellor, Lee, Martin, Zomchick up to June 30, 2016, a search for (Stephanie OR bohon). [Doc. 94-2].

8

responded that it has produced all documents associated with Plaintiff's appeal and that the process is not as formal as Plaintiff believes.

In response to Plaintiff's Request Nos. 51-56, Defendant responded that such documents had already been produced or that it did not have the documents that were requested. At the hearing, Plaintiff did not offer a sufficient reason as to why she believes Defendant's response is inaccurate. Accordingly, the Court finds Plaintiff's request not well taken.

### F. Request Nos. 70-72 (Dr. Bohon's Retraction)

The Court observes that Request Nos. 70-72 are similar to Plaintiff's Request Nos. 17 and 41. Specifically, in Request Nos. 70-72, Plaintiff requests documents relating to the retraction of an article for which Dr. Bohon was a co-author. Plaintiff asserts that Defendant's proposed search terms are unacceptable because they include the title of the article and the journal involved, but the sociology faculty could have discussed the retraction of this article without using the article name or the journal. Defendant responds that after receiving Plaintiff's Second Requests, it sent Plaintiff a letter proposing search terms for these requests. Plaintiff did not respond. Defendant further states that the searches that Plaintiff has now proposed are duplicative of the search that it has already conducted. Defendant argues that there are no additional responsive documents that Plaintiff's proposed searches would locate. At the hearing, Defendant represented that it is not aware of any other documents responsive to these requests and that it has produced all documents.

In Defendant's September 10 letter, Defendant proposed the following searches for Requests No. 70-72:

> The University proposes the following search of the PST files: (1) for administrator custodian accounts Cheek, Chancellor, Lee, Martin, Zomchick up to June 30, 2016, a search for (Stephanie OR bohon); (2) for all faculty custodians up to June 30, 2016, a search for (Stephanie OR bohon) AND (retract* OR (SNR OR "society & natural resources").

[Doc. 94-2 at 1]. Plaintiff did not respond to Defendant's proposal. Plaintiff now seeks another search using additional terms, after the deadline for discovery has expired. The Court declines Plaintiff's request. Defendant has represented that it has already produced responsive documents to Request Nos. 70-72. Further, the Court finds requiring Defendant to run another search burdensome given that the discovery deadline has expired and trial is a few months away.

### G. Requests No. 73 and 74 (Salaries and Course Information for Dr. Jones and Dr. Gellert)

In Request No. 73, Plaintiff requests documents or evidence showing "detailed salary information for up to four months before and after the raises given to Dr. Jones and Dr. Gellert." In Request No. 74, Plaintiff requests a list of courses taught by Dr. Gellert and Dr. Jones. Plaintiff argues that Defendant has not produced such documents and that with respect to Request No. 73, Plaintiff seeks a broader time frame (i.e., 2000 to 2015).

Defendant argues that it produced the complete pay history and earnings statements for Dr. Jones and Dr. Gellert from 2008 to 2015, which were the years Defendant employed Plaintiff. Defendant states that Plaintiff did not request salary information dating back to 2000. With respect to Request No. 74, Defendant states that no one document exists that includes all the information requested. Instead, Defendant produced documents that would contain much of the information Plaintiff requested.

The Court finds that Dr. Jones's and Dr. Gellert's pay history prior to Plaintiff's employment with Defendant is irrelevant in establishing that she was treated differently while employed with Defendant. Defendant has produced eight years of pay history for Dr. Jones and Dr. Gellert, and the Court finds Defendant's production sufficient. Further, with respect to Request No. 74, Defendant has no duty to create a document that does not exist. *Smallwood v. Collins*, No.

2:08-CV-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010) ("Defendants have no duty to create a report for Plaintiff or to produce documents that do not exist or which are not within the Defendants' custody and control."). Accordingly, Plaintiff's request is not well taken.

### H. Request No. 75 (Communications between Dr. Prosser and Dr. Zomchick)

In Request No. 75, Plaintiff requests "all communications" between Dr. Prosser and Dr. Zomchick that mention Plaintiff's name and/or her appeal. Plaintiff states that Defendant's searches are insufficient because it did not take into account any possible misspellings of her name. Defendant responds that such documents were produced on February 16, 2018, and that it has no additional documents.

As mentioned above, the Court declines to order Defendant to perform another search, given that Plaintiff did not respond to Defendant's email concerning what search terms to utilize. In addition, the Court declines Plaintiff's request that Defendant search for permutations of her first and last name for similar reasons as stated in Section II, A.

### I. Requests Nos. 60-67 (Information relating to Dr. Jones and Dr. Gellert)

In Request Nos. 60-67, Plaintiff requests information relating to Dr. Jones and Dr. Gellert, including annual evaluations, CVs, a tabulated list of papers, and so forth. At the hearing, Plaintiff stated that the following information is missing from Defendant's production in response to these requests: (1) Dr. Jones's CVs for 2009-2013; (2) Dr. Gellert's CVs for 2007-2008; (3) Dr. Jones's raises and evaluations from 2007-2010; and (4) Dr. Gellert's raises and evaluations from 2007-2010.

Defendant stated that it has produced all documents responsive to Plaintiff's discovery requests. Defendant states that it has produced as follows: (1) Dr. Gellert's evaluations,

departmental narratives, and raises and remunerations; (2) all available versions of Dr. Gellert's CVs; (3) all available outcome letters for Dr. Gellert's submitted papers; (4) all of Dr. Jones's evaluations, departmental narratives, and raises and remunerations; (5) all available versions of Dr. Jones's CVs; and (6) all available final outcome letters for Dr. Jones's submitted papers. Defendant states that it did not produce a "year-wise tabulated list" because no such document exists.

As mentioned above, Defendant has already produced the complete pay history for Dr. Gellert and Dr. Jones from 2008 to 2015. The Court finds such production sufficient. Further, as outlined above, Defendant has produced the documents that it possesses in response to Plaintiff's Request Nos. 60-67. *See also Smallwood,* 2010 WL 2044953, at *3 (explaining that defendants have no duty to create documents that do not exist). Accordingly, the Court finds no further production is warranted.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's Motion to Compel [**Doc. 76**].

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge