UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAMAYANTI BANERJEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-526-HSM-HBG |
| | ) | |
| THE UNIVERSITY OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Strike Plaintiff's Witness List filed on March 12, 2019, or, in the Alterative, to Strike Previously Undisclosed Witnesses [Doc. 99]. Plaintiff has not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Accordingly, the Court finds Defendant's Motion [**Doc. 99**] well taken, and it is **GRANTED**.

## I. POSITIONS OF THE PARTIES

In support of the Motion, Defendant argues that the deadline for the parties to file their witness lists expired on April 17, 2018. Defendant states that Plaintiff submitted her Final Witness List [Doc. 100-2] on April 17, 2018.[1] Defendant states that on April 17, 2018, the Court granted

---

[1] The Court observes that Plaintiff's Final Witness List [Doc. 100-2] states that the deadline was amended to file witness lists and that the witness list is not due on April 17, 2018. Plaintiff states that she is submitting her Final Witness List out of an abundance of caution. The Court has reviewed the Amended Scheduling Orders [Docs. 39 and 40], and they do not include a new deadline for witness lists.

the parties' joint motion for a new Scheduling Order, and the new Scheduling Order did not include a new deadline for final witness lists. Defendant submits that on October 9, 2018, the Court entered a third Scheduling Order, which included a new deadline for pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii)-(iii). Defendant asserts that on March 12, 2019, Plaintiff submitted a Final Witness List that included five new witnesses not previously disclosed in the previous Witness List, including Dr. Jeff Brawn, Dr. Dick Brazee, Dr. Jeff Gerwing, Dr. Lee Miller, and Dr. Furgen Deng.

Defendant asserts that the five new witnesses were not disclosed during discovery and that Plaintiff should not be allowed to present those witnesses at trial. Defendant argues that Plaintiff's failure to disclose the new witnesses in April 2018, or any other time during discovery, is completely unjustified and is prejudicial to Defendant. Defendant argues that discovery has closed and that the trial date is near.[2] Defendant argues that it has no knowledge of the identities of these five witnesses and can only guess as to who they are, what role they may have in this case, and what discoverable information they may have. Defendant requests that the Court strike Plaintiff's Witness List filed on March 12, 2019, or in the alternative, strike the newly identified witnesses because Plaintiff failed to disclose these witnesses during discovery in this case.

## II.  ANALYSIS

As noted above, the Court observes that Plaintiff has not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Thus, Defendant's Motion may be granted on this basis alone. In any event, however, the Court has reviewed the merits of

---

[2] The Court observes that the trial is this case was canceled and will be reset by the District Judge.

Defendant's request. The Court finds Defendant's alternative request (i.e., to strike the newly identified witnesses from Plaintiff's Witness List) is supported by the Federal Rules of Civil Procedure. Specifically, Rule 37(c)(1) as follows:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Sixth Circuit "has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." *Sexton v. Uniroyal Chem. Co., Inc.*, 62 F. App'x 615, 616 (6th Cir. 2003). The nonmoving party has the burden to show harmlessness or that the failure was substantially justified. *Haley v. Kundu*, No. 1:11-CV-265, 2013 WL 12030022, at *1 (E.D. Tenn. May 7, 2013) (citing *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755-57 (E.D. Mich. 2008)).

Here, Defendant contends that Plaintiff never disclosed Dr. Brawn, Dr. Brazee, Dr. Gerwing, Dr. Miller, or Dr. Deng during discovery. Specifically, Defendant asserts that these witnesses were not identified in Plaintiff's initial disclosures. In addition, Defendant argues that it propounded an interrogatory to Plaintiff, asking her to identify each individual with whom she had communications relating to the claims and allegations in her Complaint. Defendant argues that Plaintiff did not identify any of the five individuals listed above. Defendant states that Plaintiff never supplemented her discovery responses, but instead, included their names on an untimely Final Witness List. Because Plaintiff did not respond to the Motion, the Court cannot find that Plaintiff's failure to disclose is harmless or substantially justified. Accordingly, the Court finds Defendant's alternative request well taken.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Witness List Filed on March 12, 2019, or, in the Alternative, to Strike Previously Undisclosed Witnesses [**Doc. 99**]. The Court **STRIKES** Dr. Brawn, Dr. Brazee, Dr. Gerwing, Dr. Miller, and Dr. Deng from Plaintiff's Final Witness List.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge